IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

LEO ANDERSON                                                                    PLAINTIFF

v.                              CASE NO. CV-2010-495-2

UNION PACIFIC RAILROAD                                                          DEFENDANT

### COMPLAINT FOR NEGLIGENCE AND NUISANCE

Comes the Plaintiff, LEO ANDERSON, by and through his attorneys, KEARNEY LAW OFFICES, and for his Complaint, states as follows:

Plaintiff is a resident of Jefferson County, Arkansas, and so resided at all times relevant herein; further, the plaintiff's separate causes of action for negligence and nuisance herein, arose within Jefferson County, Arkansas, within three (3) years of the filing hereof.

2. Defendant Union Pacific Railroad ("UP") is a national railroad service provider doing business in, and under the laws of, the State of Arkansas, with principal place of business in the State of Nebraska.

### Count I for Negligence:

3. This claim arises from a collision which occurred in Jefferson County, Arkansas, on the 5th day of July, 2007, at or about 11:00 p.m., between a train owned and/or operated by defendant UP, on train tracks owned and/or operated by defendant UP, at an intersection between said train tracks and a public thoroughfare known as Emmitt Sanders Road (near Crossing Mile Post 265.5).

4. The plaintiff was on said date and time, traveling north on Emmitt Sanders Road in his 1995 Dodge Ram 1500 pickup truck, using all due caution and care, when as he entered the intersection of Emmitt Sanders Road and the UP train tracks located near Crossing Mile Post 265.5, was suddenly and unexpectedly, violently struck on the passenger side of his vehicle, by defendant UP's local train No. YPB75R, consisting of an engine and four rail cars weighing a total of some 388.5 tons, operating at a substantial and unreasonable speed, in reverse, so that plaintiff was struck by the last rail car rather than by the front engine of the train.

5. That the collision aforesaid was with such impact that the train's turnbuckle picked up and pushed the plaintiff's vehicle a substantial distance before coming to rest, completely

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 2:55 O'CLOCK P.M
JUL - 6 2010 DATE
LAFAYETTE WOODS, JR., CLERK

demolishing the vehicle.

6. That occupying plaintiff's vehicle at the time were the plaintiff, his friend, Shelly Tidwell, age 32, and her child, Shakobe Tidwell, age 2; both of these passengers suffered traumatic impact and injuries during the course of the incident.

7. Plaintiff himself suffered, in addition to facial and other lacerations and scarring, some of which are permanent in nature, Cervical Strain/Sprain (with contusions to the 7th Cervical Vertebrae), Lumbar Strain/Sprain, Internal Derangement and Contusions to Both Knees including Medial Meniscus Tears and resulting Arthroscopic Surgery to Both Knees.

8. As a result of the foregoing incident, the plaintiff has suffered the injuries and scarring set forth above, substantial medical and medication expenses, foreseeable future medical and medication expenses, permanent total disability of his body, and the resulting permanent loss of wage-earning capacity at the age of 43 years.

9. The grossly negligent acts and omissions of the defendant are the sole and proximate cause of the accident and plaintiff's damages herein, such negligence including but not limited to the following:

    a. the train in question was being operated on a grossly inadequately marked train track, with the sole signage, designation or notice of the track's presence at the location being an aged and weathered, unlighted street sign, visible literally only seconds before a driver must enter the intersection of the train track with the road;

    b. the legal and presumed reasonable speed limit at the location is 45 miles per hour, so that any vehicle approaching the location would, upon observing this small unlit sign, have no reasonable time or opportunity to modify their speed or approach to the intersection;

    c. there are no other visible or audible warning signs, warning lights, illumination, bells, whistles, cross-arms or other traffic control devices at the location that would place a reasonable driver upon notice that a train track is present, or that a train is approaching or about to enter and occupy the public right of way at the intersection;

    d. that more particularly, at the time of the accident herein and as the plaintiff approached the subject intersection, there were no visible or audible warning

signs, horns, warning lights, illumination, bells, whistles, cross-arms or other traffic control devices at the location that provided him with any notice that a train was approaching or about to enter and occupy the public right of way at the intersection;

 e. that at the time of the accident herein, the UP train was (according to its UP operator) being operated in reverse, solely by him and by "remote control," so that there was no person directly upon and in immediate control of the train, in a position to see and react to any oncoming traffic;

 f. that at the time of the accident herein, no "spotters" or lookouts of any kind were in place to observe, signal, warn, stop, regulate or direct the vehicular traffic which would foreseeably approach the intersection on this public thoroughfare, as did the plaintiff to his detriment herein; and finally,

 g. that located along the defendant's train tracks, along the passenger-side line of sight for any vehicle approaching the tracks from plaintiff's location that date, UP had located and maintained freight storage units in a manner, based upon both their volume and placement, it was impossible for a driver to see any train coming from that direction (as did the UP train during the incident herein) until such driver was literally upon the train tracks, as was the obstruction for plaintiff during this incident.

**Count II for Nuisance:**

10. That the acts and omissions of the defendant set forth in foregoing paragraphs 1 through 9 above, inclusive, persisted upon the subject public roadway intersection herein for in excess of one (1) year in time without abatement, creating a demonstrable, unreasonable and avoidable threat of serious bodily injury, and even death to the general public and users of Emmitt Sanders Road, and the defendant should be held liable in law and equity for the damages flowing from its willful maintenance of such nuisance.

11. That finally, the negligent acts and omissions of the defendant were so gross in nature, maintained for such a long period in bad faith, and so void of any evidence of concern for human safety or the foreseeable risk being created, as to warrant the award of punitive damages herein.

WHEREFORE, the plaintiff prays that judgment be issued in his favor against the defendant in the amounts of $200,000.00 compensatory and $200,000.00 punitive damages; for

costs and attorneys fees incurred herein; and for all other relief deemed proper by the Court.

Respectfully submitted,

BY: _____
JEFFERY H. KEARNEY, #91249
KEARNEY LAW OFFICES
Attorneys at Law
100 South Pine Street
P.O. Box 8276
Pine Bluff, Arkansas 71611
(870) 536-1056
(870) 535-6214 fax
kearneylawoffices@yahoo.com e-mail