IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| LEO ANDERSON, | * |
| Plaintiff, | * |
| vs. | *   No. 5:10cv00267  SWW |
| UNION PACIFIC RAILROAD, | * |
| Defendant. | * |

<u>ORDER</u>

Plaintiff Leo Anderson brings this action seeking damages for alleged injuries he sustained when the vehicle he was operating was struck by a train operated by defendant Union Pacific Railroad. Trial is currently scheduled for August 8, 2011. The discovery deadline expired on March 11, 2011, and the motions deadline expired on April 11, 2011.

The matter is before the Court on motion of defendant to dismiss pursuant to Fed.R.Civ.P. 37 [doc.#15]. Plaintiff has responded in opposition to defendant's motion and defendant has filed a reply to plaintiff's response. Having considered the matter, the Court will deny at this time defendant's motion to dismiss.

I

On March 16, 2011, defendant filed a motion to compel [doc.#10], stating that plaintiff has not made initial disclosures, which were due December 15, 2010, or answered defendant's First Set of Interrogatories and Requests for Production of Documents despite attempts to get plaintiff to comply with his obligations. Plaintiff never responded to defendant's motion to compel and this Court, by Order entered April 1, 2011 [doc.#12], granted defendant's motion to

compel and ordered that plaintiff, within fourteen (14) days from the date of entry of the Order, provide defendant with both his initial disclosures and his full and complete responses to defendant's First Set of Interrogatories and Requests for Production of Documents. The Court notified plaintiff that failure to comply with the Order would result in sanctions, including possible dismissal without prejudice of this action.

On May 2, 2011, defendant filed its motion to dismiss pursuant to Fed.R.Civ.P. 37 [doc.#15] arguing that plaintiff deliberately ignored this Court's April 1, 2011 discovery Order. Defendant notes that dismissal of plaintiff's complaint for failure to obey the discovery Order is appropriate because plaintiff's initial disclosures are more than four months overdue and his responses to interrogatories and requests for production are more than two months overdue thus prejudicing defendant's ability to prepare the case for trial.

On May 13, 2011, plaintiff filed a response [doc.#16] to defendant's motion to dismiss stating that he has served, contemporaneously with the filing, his initial disclosures, his response to defendant's first set of interrogatories, and his response to defendant's first set of requests for production of documents, thus complying, admittedly belatedly, with his obligations under the Federal Rules of Civil Procedure and the April 1, 2011 Order of the Court. Plaintiff states that his failure to timely submit his initial disclosures, response to interrogatories, and response to requests for production was due to the fact that he is a Pine Bluff, Arkansas, resident, and has since the filing of this action been required to spend substantial amounts of time in the State of Texas attending to ill family members, and was frequently unavailable to counsel. Plaintiff additionally notes that counsel's own overly burdensome caseload and trial schedule have been intensive during the relevant period of time and have prevented the proper completion of this

work. Plaintiff states that the discovery responses he has now provided to defendant are fully responsive, accurate and complete, to the best of his ability, so that the defendant should not be unduly burdened by any delay in receipt of same, and that having been provided fully responsive disclosures to its pending discovery demands, the defendant is able to, and should be required to proceed in this matter on the merits of its defenses to the plaintiff's claims.

On May 20, 2011, defendant filed a reply [doc.#17] to plaintiff's response disputing that plaintiff's responses to discovery "are fully responsive, accurate and complete" so that defendant "should not be unduly burdened by any delay to receipt of same." Defendant contends that plaintiff still has not provided any of the requested authorizations and that his responses to certain interrogatories are deficient.

II

A

The Court first addresses defendant's claim that plaintiff still has not provided any of the requested authorizations, including a signed authorization to release medical records, in Request for Production No. 3. That request and plaintiff's response are as follows:

> REQUEST FOR PRODUCTION NO. 3: Please execute the attached authorizations, which include: CMS; Employment; Income Tax Records; Medical Records; Military Records; Education Records; SSA records; Vocational Rehabilitation Records; Workers Compensation Records; Workers Compensation Medical Records. It is requested that the fully executed authorization be returned to Defendant's attorneys within thirty (30) days.
>
> RESPONSE: Forms were not received or were misplaced; please re-send.

Defendant argues that an authorization to release medical records is vitally important to its ability to investigate and defend this case and that requiring defendant to defend a personal injury lawsuit without access to plaintiff's medical records would be prejudicial. The Court agrees.

Accordingly, within fourteen (14) days of the date of entry of this Order, plaintiff is to fully execute and provide to defendant's attorneys all authorizations set forth in Request for Production No. 3.[1]

B

Defendant also notes that it used contention interrogatories in interrogatories 20-23 to ask plaintiff for the facts that support the individual contentions in the complaint but that plaintiff merely responded by saying "Plaintiff's observations." The interrogatories referenced by defendant and plaintiff's responses are as follows:

> INTERROGATORY NO. 20: In Paragraph 9a of your Complaint, you allege that "the train in question was being operated on a grossly inadequately or notice of the track's presence at the location being an aged and weathered, unlighted Street sign, visible literally only seconds before a driver must enter the intersection of the train track with the road." For this contention, state the following:
>
>> (a) all facts that support this contention.
>>
>> (b) the name, address, and telephone number of each witness who will substantiate this contention.
>>
>> (c) identify and describe all documents that support this contention.
>>
>> (d) state the specific violation that you allege was committed by Defendant.
>
> RESPONSE: Plaintiff's observations; see also plaintiff's separate response to requests for production of documents, and specifically, the photographs of the accident scene attached therein.
>
> INTERROGATORY NO. 21: In Paragraph 9g of your Complaint, you allege that "located along the defendant's train tracks, along the passenger-side line of sight for any vehicle approaching the tracks from plaintiffs location that date, UP had located and maintained freight storage units in a manner, based upon both their volume and placement, it was impossible for a driver to see any train coming from that direction (as did the UP train during the incident herein) until such

---

[1] The Court is not concerned with the logistics of how plaintiff executes the authorizations, whether it be by authorizations prepared by plaintiff or authorizations obtained from defendant.

driver was literally upon the train tracks, as was the obstruction for plaintiff during this incident." For this contention, state the following:

    (a) all facts that support this contention.

    (b) the name, address, and telephone number of each witness who will substantiate this contention.

    (c) identify and describe all documents that support this contention.

    (d) state the specific violation that you allege was committed by Defendant.

RESPONSE: Plaintiff's observations; see also plaintiff's separate response to requests for production of documents, and specifically, the photographs of the accident scene attached therein.

INTERROGATORY NO. 22: In Paragraph 11 of your Complaint, you allege that "the negligent acts and omissions of the defendant were so gross in nature, maintained for such a long period in bad faith, and so void of any evidence of concern for human safety or the foreseeable risk being created, as to warrant the award of punitive damages herein." For this contention, state the following:

    (a) all facts that support this contention.

    (b) the name, address, and telephone number of each witness who will substantiate this contention.

    (c) identify and describe all documents that support this contention.

RESPONSE: Plaintiff's observations; see also plaintiff's separate response to requests for production of documents, and specifically, the photographs of the accident scene attached therein.

INTERROGATORY NO. 23: In Paragraph 10 of your Complaint, you allege "That the acts and omissions of the defendant set forth in foregoing paragraphs 1 through 9 above, inclusive, persisted upon the subject public roadway intersection herein for in excess of one (1) year in time without abatement, creating a demonstrable, unreasonable and avoidable threat of serious bodily injury, and even death to the general public and users of Emmitt Sanders Road, and the defendant should be held liable in law and equity for the damages flowing from

its willful maintenance of such nuisance."  For this contention, state the following:

>(a) all facts that support this contention.

>(b) the name, address, and telephone number of each witness who will substantiate this contention.

>(c) identify and describe all documents that support this contention.

>(d) state the specific violation that you allege was committed by Defendant.

RESPONSE: Plaintiff's observations; see also plaintiff's separate response to requests for production of documents, and specifically, the photographs of the accident scene attached therein.

Defendant argues that merely saying "Plaintiff's observations" is not a substitute for listing the facts and that, at a minimum, plaintiff's response to these interrogatories should describe what plaintiff observed.  The Court agrees.  Accordingly, within fourteen (14) days of the date of entry of this Order, plaintiff, in response to interrogatories 20-23, must fully and completely describe what he observed.

C

Plaintiff's failure to timely respond to defendant's discovery has placed undue burdens on defendant's ability to prepare for trial and has also consumed judicial resources, requiring two Court Orders to address plaintiff's failures.  Given the burden plaintiff's failure to timely comply with his discovery obligations has placed on the defendant's ability to prepare for trial, the Court will entertain from the defendant a motion for an extension of the discovery deadline and/or a motion to continue the trial date should defendant deem such action necessary.

III

For the foregoing reasons, the Court denies defendant's motion to dismiss and directs that plaintiff fully comply with his discovery obligations as set forth above. Failure to comply with this Order in any manner will result in sanctions, including possible dismissal without prejudice of this action. *See Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937 (8th Cir. 2001).

IT IS SO ORDERED this 3rd day of June 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE